IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>vs.<br><br>DAVID HOLDREN, DAVID HOLDREN HEATING, AC & PLUMBING, LLC, and JUSTIN PARRA,<br><br>        Defendants. | No. 1:22-cv-00736-PJK-JFR |

ORDER DENYING MOTION TO DISMISS (ECF No. 6)

THIS MATTER comes on for consideration of Defendant David Holdren's Motion to Dismiss filed on November 21, 2022. ECF No. 6. Defendants David Holdren Heating, AC & Plumbing, LLC ("DHH"), and Justin Parra joined the motion. ECF No. 7. The court heard oral argument on February 23, 2023 and being fully advised in the premises, finds that the motion is not well taken and should be denied.

Background

Plaintiff Ohio Security Insurance Co. ("OSIC") issued a commercial general liability policy ("CGL policy") to Defendant DHH. OSIC now seeks a declaratory judgment that it has no duty to defend or indemnify (or pay any judgment or settlement in favor of) Defendants DHH or Parra in connection with a state court lawsuit. That lawsuit seeking damages for personal injury was brought by David Holdren against DHH and

Parra, <u>Holdren v. Parra,</u> No. D-202-CV-2022-00918 (N.M. Dist. Ct. 2d Dist. 2022) ("Parra suit") (ECF 1-1).  ECF 1 ¶ 38.

## Discussion

Usually a federal court will decline to hear a declaratory judgment action if the same fact issues will likely be decided in another pending action, but "nothing in the Declaratory Judgment Act prohibits a court from deciding a purely legal question of contract interpretation which arises in the context of a justiciable controversy presenting other factual issues."  <u>Kunkel v. Cont'l Cas. Co.</u>, 866 F.2d 1269, 1276 (10th Cir. 1989).  Courts have the power, but are not required, to hear claims for declaratory judgment.  <u>Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowner Ass'n, Inc.</u>, 685 F.3d 977, 980 (10th Cir. 2012).

The Tenth Circuit in <u>State Farm Fire & Casualty Co. v. Mhoon</u>, 31 F.3d 979, 983 (10th Cir. 1994), considered five factors in determining whether it is proper to exercise jurisdiction.  Based on the <u>Mhoon</u> factors, the court finds that exercising jurisdiction to hear this request for declaratory relief is appropriate.  This action will both settle a controversy between parties and serve a useful purpose in clarifying the legal relations at issue.  <u>See</u> 31 F.3d at 983.  OSIC is currently defending Mr. Parra and DHH in the Parra suit under a reservation of rights.  OSIC is not a party to that case.

In a second state-court case, <u>Holdren v. Associated Insurance Professionals, Inc.</u>, No. D-202-CV-2022-01085 (N.M. Dist. Ct. 2d Dist. 2022) ("AIP suit"), Mr. Holdren sought to add (after OSIC filed this action) OSIC as an additional defendant.  That suit involves negligence claims against several insurance companies, including against the

insurance broker Associated Professionals and its employee Mr. Dziak.  But DHH and Mr. Parra are not parties to that suit.  Mr. Holdren argues that dismissing the federal declaratory judgment action would further judicial economy because the coverage issue is central to the AIP suit.  But as OSIC reminds us, it cannot seek its requested relief in either state court suit.  Response at 11, ECF No. 9.  Some overlap with a pending state court case is acceptable, particularly when this type of declaratory relief has been repeatedly held to be useful in insurance disputes.  See Mhoon, 31 F.3d at 984; West Am. Ins. Co. v. Atyani, 338 F. Supp. 3d 1227, 1232 (D.N.M. 2018).  The federal declaratory judgment action is the only action where OSIC, Mr. Parra, DHH, and Mr. Holdren are parties, and a resolution will serve a useful purpose in clarifying the legal relations between parties.

    A resolution in this case would not increase friction between state and federal courts.  In finding that the district court did not abuse its discretion by proceeding in a federal declaratory judgment action, Mhoon noted that there is a "substantial interest in deciding these issues without undue delay, particularly the question of the duty to defend." Id. at 984.  Here, a live need exists for declaration of whether OSIC is required to defend, indemnify, or pay a judgment or settlement, if obtained, against Parra and DHH in the Parra suit.  This case involves a review of the state court complaint to determine whether there is a duty to defend.  Resolution of this question will not answer the question of whether Mr. Parra was in fact negligent, nor will it conclusively resolve the allegations of negligence in the AIP suit.  Finally, nothing suggests procedural fencing.  No better or more effective alternative remedy exists because, again, this action

is the only one with all of the proper parties and each can prosecute or defend its interests.

 NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant David Holdren's Motion to Dismiss (ECF No. 6) filed on November 21, 2022 is denied, and

(2) The magistrate judge should enter a scheduling order directly.

 DATED this <u>27th</u> day of February 2023, at Santa Fe, New Mexico.

        <u>/s/ Paul Kelly, Jr.</u>
        United States Circuit Judge
        Sitting by Designation

Counsel:

Meena H. Allen (Kerri L. Allensworth with her on the brief), Allen Law Firm, LLC, Albuquerque, New Mexico, for Plaintiff.

Corinne L. Holt, Will Ferguson & Associates, Albuquerque, New Mexico, for Defendant David Holt.

Scott K. Atkinson, Atkinson Law Firm, Ltd, Albuquerque, New Mexico, for Defendants David Holdren Heating, AC & Plumbing, LLC, and Justin Parra.